IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **FELICIA ODAMETEY** | * | |
| Appellant, | * | Case No.: GJH-20-218 |
| v. | * | Bankruptcy No.: 19-19404 |
| **NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICNG AS SERVICER FOR DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2007-WMCI, ASSET-BACKED CERTIFICATES** | * * * * | |
| Appellee. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Appellant Felicia Odametey, the Debtor in the underlying bankruptcy case ("Appellant"), appeals the January 8, 2020 Order of the United States Bankruptcy Court of the District of Maryland (the "Bankruptcy Court") granting the Motion for Relief from Stay filed by Appellee Newrez LLC d/b/a Shellpoint Mortgage serving as servicer for Deutsche Bank National Trust Company, as trustee for Soundview Home Loan Trust 2007-WMCI, Asset-Backed Certificates ("Appellee"). ECF No. 1-1.[1] A hearing is unnecessary. *See* Fed. R. Bankr. P. 8013(c); *see also* Loc. R. 105.6 (D. Md. 2018). For the following reasons, the Court dismisses the appeal as moot.

---

[1] In addition to the appeal, the Appellant's Motion to Excuse Filing of Appendix, ECF No. 9, is pending before the Court. Pursuant to Fed. R. Bankr. P. 8018(b), the Appellant was required to "serve and file with its principal brief excerpts of the record as an appendix." Fed. R. Bankr. P. 8018(b). However, Fed. R. Bankr. P. 8018(e) allows the Court to "dispense with the appendix." Fed. R. Bankr. P. 8018(e). Because the Court finds the Appellant's failure to file an appendix with its principal brief did not significantly affect the Court's ability to resolve the appeal and because the Court ultimately dismisses the appeal as moot, the Court grants Appellant's Motion to Excuse Filing of

1

**I.    BACKGROUND**

Appellant filed a voluntary petition for Chapter 13 bankruptcy on July 11, 2019. ECF No. 4-1. On July 12, 2019, the Bankruptcy Court issued a Notice of Deadline for Missing Documents, informing Appellant that she must file several required documents, including the Chapter 13 Plan and Schedules, by July 25, 2019. ECF No. 4-5. On July 15, 2019, the Bankruptcy Court issued an Order to Show Cause Why Case Should Not Be Dismissed for Failure to Complete Required Filings, requiring Appellant to respond by July 25, 2019. ECF No. 4-9. The order to show cause noted that "[t]his is the debtor's fourth bankruptcy case in twelve months." ECF No. 4-9. Subsequently, Appellant's counsel filed three motions requesting additional time to file missing documents, including the Chapter 13 Plan and Schedules. ECF No. 4-12; ECF No. 4-20; ECF No. 4-24. Each request was granted. ECF No. 4-13; ECF No. 4-22; ECF No. 4-25. On September 5, 2019, the Bankruptcy Court set a third and final deadline of September 15, 2019. ECF No. 4-25. Appellant ultimately met this deadline. ECF No. 4-27; ECF No. 4-28; ECF No. 4-29; ECF No. 4-30; ECF No. 4-31; ECF No. 4-36; ECF No. 4-37; ECF No. 4-38; ECF No. 4-39. However, the Bankruptcy Court issued a Deficiency Notice on September 16, 2019, directing Appellant to correct the deficiency in her Amended Chapter 13 Plan—missing signature—by October 1, 2019. ECF No. 4-40. Appellant complied. *See* ECF No. 4-41; ECF No. 4-42.

On December 4, 2019, Appellee filed a Motion for Relief from Stay and Co-Debtor Stay. ECF No. 4-49. Relevant to this appeal, Appellee alleged in its Motion for Relief from Stay that Appellee "is the current payee of a promissory note secured by a deed of trust upon a parcel of real property with the address of 13225 Lake Geneva Way, Germantown, MD 20877[,]"

---

Appendix. *See Catalyst Lifestyles Sport Resort, LLC v. Sherrard*, No. 17-23131, 2019 WL 2208840, at *3 (N.D. Ind. May 22, 2019). The Court also grants Appellant's counsel's Motion to Withdraw Appearance, ECF No. 19.

Appellant "is in default with regard to payments which have become due under the terms of the aforementioned Note and Deed of Trust[,]" and Appellee "has elected to initiate foreclosure proceedings on the Property with respect to the subject Trust Deed, but is prevented by the Automatic Stay from going forward with these proceedings." ECF No. 4-49 at 1–2.[2] Appellant's response to Appellee's Motion for Relief from Stay was due by December 18, 2019, with three additional days for parties to be served by U.S. Mail, and, in the event a timely response was filed, there would be a hearing on January 6, 2020. ECF No. 4-57. Appellant did not file her response until January 6, 2020, ECF No. 4-56. On January 8, 2020, the Bankruptcy Court ordered Appellant's response stricken from the record due to its untimeliness. ECF No. 4-57.[3] Also on January 8, 2020, the Bankruptcy Court separately ordered "that the automatic stays" in the bankruptcy case be immediately lifted so as to allow Appellee to proceed to a foreclosure sale of the subject property. ECF No. 4-58 at 2.

Appellant filed a Notice of Appeal on January 22, 2020, appealing the Bankruptcy Court's January 8, 2020 Order granting Appellee's Motion for Relief from Stay. ECF No. 1. Appellant filed an opening brief on April 6, 2020. ECF No. 7.[4] Appellee responded in opposition on May 6, 2020, ECF No. 17, and Appellant filed an untimely reply on May 29, 2020, ECF No. 18; see Fed. R. Bankr. P. 8018(a)(3). However, between the time Appellant filed her Notice of Appeal and the time she filed her opening brief, Appellant requested the Bankruptcy Court to dismiss her Chapter 13 case. ECF No. 6-1. On February 27, 2020, the Court granted Appellant's

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.
[3] The Court notes that the Bankruptcy Court's January 8, 2020 order striking Appellant's response, ECF No. 4-57, is not the order Appellant appeals here.
[4] Appellant's brief was timely due to the exigent circumstances created by Covid-19. See D. Md. Standing Order 2020-07 ("all filing deadlines . . . originally set to fall between March 16, 2020, and June 5, 2020, are EXTENDED by eighty-four (84) days").

3

request, dismissing the bankruptcy case underlying this appeal and terminating the automatic stay imposed by 11 U.S.C. § 362(a). *Id.*

## II. DISCUSSION

The Court hears this bankruptcy appeal under 28 U.S.C. § 158(a). Parties of bankruptcy cases can appeal orders that dispose of discrete disputes within the larger case. *See Mort Ranta v. Gorman*, 721 F.3d 241, 246 (4th Cir. 2013). Bankruptcy appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts[.]" 28 U.S.C. § 158(c)(2). On appeal from the Bankruptcy Court, this Court reviews the Bankruptcy Court's findings of fact for clear error and conclusions of law de novo. *See In re Merry-Go-Round Enters., Inc.*, 400 F.3d 219, 224 (4th Cir. 2005); *In re Kielisch*, 258 F.3d 315, 319 (4th Cir. 2001). Additionally, the law is well-settled that a Bankruptcy Court's discretionary determination on whether to lift an automatic stay will be overturned only upon a showing of abuse of that discretion. *In re Luskin's, Inc.*, 213 B.R. 107, 110 (D. Md. 1997) (citing *Frederick Cty. Nat'l Bank v. Lazerow*, 139 B.R. 802, 804 (D. Md. 1992)); *see Claughton v. Mixson*, 33 F.3d 4, 5 (4th Cir. 1994) ("We will reverse a decision to lift the automatic stay 'for cause' only when an abuse of discretion has occurred.") (citing *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992)).

Appellant argues on appeal that the Bankruptcy Court erred in granting Appellee's Motion for Relief from Stay because, as the result of a loan modification agreement (the "Modification"), ECF No. 4-52—which was not signed by the Co-Debtor, Martha Darko—Appellee became an unsecured creditor. ECF No. 7 at 6–9. Consequently, according to Appellant, Appellee has no legal standing under 11 U.S.C. § 362(d) to request a relief from the automatic stay. ECF No. 7 at 9. Appellee's response is threefold: (1) the appeal is moot due to

4

the Bankruptcy Court's dismissal of the underlying Chapter 13 case, ECF No. 17 at 10–13; (2) under Maryland law, the Modification did not cause Appellee's lien to become unsecured, *id.* at 13–25; and (3) it is unlikely that the sole issue Appellant raises on appeal—whether Appellee is an unsecured debtor—was properly preserved for appeal considering the Bankruptcy Court ordered the only document including that argument, Appellant's response to the Motion for Relief from Stay, stricken from the record, *id.* at 25–26. Because the Court agrees with Appellee that the instant appeal is moot, the Court will not address the parties' remaining arguments.

"The Court has an obligation to ensure that it has jurisdiction to hear an appeal, which includes the question of mootness." *In re Castillo*, No. TDC-14-0924, 2015 WL 789095, at *4 (D. Md. Feb. 23, 2015) (citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 66–67 (1997)). A case is moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Cty. of L.A. v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486 (1969)). An issue is no longer "live" if the reviewing court is incapable of rendering effective relief or restoring the parties to their original position. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992). "For that reason, if an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed." *Id.* (internal citation and quotation marks omitted). "Put differently, an appeal is moot when an 'affirmance would ostensibly require something to be done which had already taken place,' and a 'reversal would ostensibly avoid an event which had passed beyond recall.'" *In re Carr*, 321 B.R. 702, 706 (E.D. Va. 2005) (quoting *Brownlow v. Schwartz*, 261 U.S. 216, 217–18 (1923)).

5

The Bankruptcy Court's dismissal of the underlying Chapter 13 case renders the instant appeal moot.[5] Appellant requested the dismissal of her bankruptcy petition of February 26, 2020. *See* ECF No. 17 at 13; ECF No. 6-1. The Bankruptcy Court granted Appellant's request on February 27, 2020, and simultaneously notified the parties "that the automatic stay imposed by 11 U.S.C. § 362(a) is terminated." ECF No. 6-1. Thus, if this Court were now to affirm the Bankruptcy Court's January 8, 2020 Order granting Appellee's Motion for Relief from Stay, the Court would be providing relief from a stay that the Bankruptcy Court has already terminated. Likewise, if this Court were to reverse the Bankruptcy Court's January 8, 2020 Order, as Appellant requests, the Court's order would be meaningless since it would deny relief from a stay that no longer exists. Therefore, the circumstances of this appeal are such that it is "impossible for the [C]ourt to grant 'any effectual relief whatever' to a prevailing party," and consequently the appeal is dismissed as moot. *See Church of Scientology of Cal.*, 506 U.S. at 12 (internal citations and quotation marks omitted).

### III.    CONCLUSION

Appellant's appeal from the Bankruptcy Court's January 8, 2020 Order granting Appellee's Motion for Relief from Stay is dismissed as moot. A separate Order follows.

Dated: February  24, 2021                                  /s/_____
                                                           GEORGE J. HAZEL
                                                           United States District Judge

---

[5] The Court notes that Appellant offers no argument to oppose Appellee's claim that the dismissal of the underlying Chapter 13 case renders her appeal moot.

6